REQUESTED BY: James W. Slavik, Dawes County Attorney, Chadron, Nebraska.
1. Do Nebraska statutes require a county to establish and maintain a law library?
1. No.
2. Can a county make a gift of the county law library to a state college?
2. Probably not.
You have stated that Dawes County is contemplating making a gift of its county law library to Chadron State College. You then ask whether Nebraska statutes require a county to establish and maintain a law library and whether such a gift may be made by a county.
Nebraska statutes do not require a county to establish and maintain a law library. Section 51-220, R.R.S. 1943, provides:
 "The county board may, when in its discretion it shall deem it advisable, provide by purchasing or otherwise for the procuring and maintaining of a suitable law library for the use of the public. Such library shall be under the supervision of the judges of the district court of the county wherein the same is located."
That statute plainly provides that the establishment and maintenance of a law library is discretionary with the county board.
The second question you ask is more difficult, however. Generally, the county board has only such powers as are expressly conferred upon them by statute and as are necessary to enable them to discharge their official duties. Therefore, statutory authority is necessary in order to allow the county board to make such a gift.
Section 23-104, R.R.S. 1943, deals with the authority of a county to dispose of its personal property. Section23-104 in pertinent part provides as follows:
 "Each county shall have power . . . (4) to sell, convey, exchange, or lease any real or personal estate owned by the county in such manner and upon such terms and conditions as may be deemed in the best interest of the county; . . ."
That section, because it authorized the conveyance of personal property, does not absolutely prohibit the making of a gift. However, it is difficult to see how the making of an absolute gift of county property, presumably of some real value, can be in the best interests of the county. When such a gift is made, by definition, the county receives nothing of real value in return. Furthermore, it appears from your letter that if the county would make such a gift, certain portions of the library would revert to their original donors under the terms of various original grants. This would deprive the citizens of Dawes County of the use of those law books, which is presumably of some value.
In support of this reasoning is a previous Attorney General's Opinion, Number 92, of September 7, 1943, concluding that a county cannot lawfully donate funds to a charitable organization. Also of interest is United Community Services v. Omaha National Bank, 162 Neb. 786, 77 N.W.2d 576 (1956). The Nebraska Supreme Court on that occasion held that the Omaha Public Power District, a municipal corporation, could not give its property away or spend money for purposes other than the corporation's, and hence, it has no power to dispose of corporate property without consideration when not for a corporate purpose. There is some authority from other states also that a county board has no authority to give county property away. See McCord v. Pike, 121 Ill. 288, 12 N.E. 259 (1887), and Holdren v. Peterson,52 Ariz. 429, 82 P.2d 1095 (1938).
From the foregoing it is our conclusion that the county board is probably not authorized to make an absolute gift of the county law library to Chadron State College, receiving nothing of value to the county in return. This is not to say, however, that a conveyance to Chadron State College in return for their promise to maintain said library and to make it available to county residents would be improper. That question does not involve the making of an absolute gift and specifically is not addressed herein.